JOHN E. DE GENNARO and GLORIA J. DE GENNARO, Petitioners v. Commissioner of Internal Revenue, Respondent
De Gennaro v. Commissioner
Docket No. 785-79.
United States Tax Court
T.C. Memo 1980-486; 1980 Tax Ct. Memo LEXIS 95; 41 T.C.M. (CCH) 284; T.C.M. (RIA) 80486; October 28, 1980, Filed Alan D. Pauw, for the petitioners. Marshall W. Taylor, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for the calendar year 1974 in the amount of $3,643.94. The sole issue for decision is whether petitioners sustained an ordinary loss or a capital loss upon the reconveyance of land, encumbered by a nonrecourse purchase money deed of trust, to their mortgagee/seller without any monetary consideration. FINDINGS OF FACT All of the facts have been stipulated and are so found. Petitioners are husband and wife who resided in Tustin, California, at the time the petition herein was filed. They timely filed a joint Federal income tax return for 1974 with the Internal Revenue Service Center at Fresno, California. On December 15, 1971, petitioners purchased approximately 114 acres of land in Riverside County, California, from KIDA CO. (hereinafter KIDA), for purposes of investment (hereinafter the "Riverside Property"). The total consideration for the purchase was $365,312. *97 Petitioners paid a cash down payment of $18,265.60 (exclusive of closing costs and other fees). They paid KIDA the balance of $347,046.40 in the form of four nonrecourse promissory notes, each secured by a separate deed of trust. The notes required that only interest, payable in advance at the rate of 7.2 percent per year, was to be paid until 1982. Commencing in 1982, the petitioners were required to pay principal in 10 equal installments plus interest on the unpaid balance. Almost immediately petitioners had difficulty meeting their obligations for interest and real estate taxes due on the property. Pursuant to a threat of foreclosure by counsel for KIDA petitioners reconveyed the entire property to KIDA on February 1, 1974, by a deed in lieu of foreclosure. At this time petitioners were delinquent in payments of both interest on the notes and real estate taxes on the property. No principal payments were ever made by petitioners. On their 1974 Federal income tax return petitioners claimed an ordinary loss under section 165(a) [1] in the amount of $18,790.03 resulting from the reconveyance. *98 Respondent has determined that the loss claimed by petitioners resulted from a sale or exchange of a capital asset and was thus a capital loss pursuant to sections 165(f), 1211, and 1212. OPINION Petitioners argue that they have effectively "walked away" from their interest in the Riverside Property. Since they were not personally liable on the mortgage debt they assert that this is actually an abandonment giving rise to an ordinary loss. Further, petitioners maintain that they received no consideration for the reconveyance of the Riverside Property to KIDA. It is their position that this negates the existence of a necessary element for capital loss treatment -- a sale or exchange. See secs. 165(f), 1211, and 1212. [2]
Respondent, on the other hand, contends that since petitioners have not shown that their equity in the property is worthless there can be no abandonment loss. Respondent proceeds to argue that the existence of consideration for the petitioners' reconveyance is the cancellation of the petitioners' nonrecourse notes. As petitioners concede, *99 California law renders petitioners' note uncollectable, but it does not discharge the debt. Respondent asserts that cancellation of a debt is valid legal consideration notwithstanding that the debt is uncollectable. The parties to the instant litigation each draw this Court's attention to a myriad of cases, decided both before and after Crane v. Commissioner,331 U.S. 1 (1947), which assertedly support their respective positions. Each party has asked us to definitively decide the issues presented, once and for all. On August 5, 1980, this Court did just that when confronted with a fact situation strikingly similar to that of the case at bar. Freeland v. Commissioner, 74 T.C. (August 5, 1980). [3]
In Freeland v. Commissioner,supra, after an exhaustive review of the relevant judicial authority, we held (p. 21, slip opinion) -- petitioner's voluntary reconveyance of the property to the mortgagee for no monetary consideration ("boot") was a sale within the meaning of sections 1211 and 1212 of the Code, even though petitioner had no personal obligation on the mortgage *100 debt, the fair market value of the property at the time of the reconveyance was less than the unpaid balance due on the mortgage debt, and petitioner had received no tax benefits in the form of depreciation deductions with respect to the property while he held it. Consequently, petitioner's loss was a capital loss subject to the limitations of section 1211(b). In light of Freeland v. Commissioner,supra, we find that the petitioners are not entitled to ordinary loss treatment, but are restricted to capital loss treatment and are subject to the limitations of sections 1211 and 1212. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. Petitioners do not dispute that the Riverside Property was a capital asset in their hands, pursuant to sec. 1221.↩
3. See also Laport v. Commissioner,T.C. Memo. 1980-355↩.